IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| In Re: Circuit City Stores, Inc., et al, | Civil Action Number 3:10CV397 |
|---|---|

## MEMORANDUM OPINION

This matter is before the Court on Appellant Schimenti Construction, LLC's ("Schimenti") Motion for Leave to Appeal the Bankruptcy Court's April 30, 2010 Second Supplemental Order on Debtors' Fifth Omnibus Objection to Certain Misclassified Non-Goods 503(b)(9) Claim. (Doc. No. 1.) Schimenti filed the instant Motion on June 10, 2010. Circuit City Stores, Inc., et al. (the "Debtors") did not respond to the Motion. The Motion is, however, ripe for review. For the reasons stated below, Schimenti's Defendants' Motion is DENIED as MOOT and Schimenti may appeal the Bankruptcy Court's Order as a matter of right.

## I. BACKGROUND

Schimenti is a contractor specializing in construction and remodeling of various types of retail chain industry stores. On November 10, 2008, the Debtors filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code. On or about December 19, 2008, Schimenti filed proof of claim no. 966 (the "Schimenti Claim"), claiming an administrative expense pursuant to § 503(b)(9) of the Bankruptcy Code in the amount of $47,682.22 for materials and goods delivered and furnished to the Debtors in the ordinary course of business within twenty (20) days of the Petition Date. The Debtors objected to the Schimenti Claim in the Fifth Omnibus Objection to Certain Misclassified 503(b)(9) Claims on May 12, 2009 (the "Omnibus Objection") asserting that Schimenti did not provide "goods" to the Debtors and that therefore the Schimenti Claim should be reclassified as a general unsecured claim. Schimenti

filed its response to the Objection on June 15, 2009, arguing that review of the factual background of the Claim and relevant caselaw established that the Schimenti Claim was entitled to administrative expense priority under §503(b)(9).

On August 27, 2009, the Bankruptcy Court held a hearing at which Schimenti and other creditors presented oral argument in opposition to the Omnibus Motion. On September 22, 2009, the Bankruptcy Court entered its Memorandum Opinion concluding that (1) the definition of "goods" set forth in the Uniform Commercial Code should be employed in fashioning a federal definition for that term under § 503(b)(9), and (2) the "predominant purpose test" should be used to determine whether a claimant asserting a claim under § 503(b)(9) sold "goods" to the debtor. The Court entered a simultaneous order. On April 30, 2010, the Bankruptcy Court entered the consensual Order holding that the predominate purpose of the contracts between the Debtors and Schimenti was the rendition of services, and that the Schimenti Claim was therefore not entitled to administrative priority under §503(b)(9).

The issues on which Schimenti seeks to appeal are: (1) whether the Bankruptcy Court should have used the "predominate purpose test" in determining whether a claim will be treated as an administrative expense, and (2) the Bankruptcy Court's subsequent characterization of the Schimenti Claim. Schimenti argues that this Court should hear his appeal through one of two procedural avenues. It argues that the Bankruptcy Court's Order is a final order appealable without leave of the Court because it seriously affects Schimenti's substantive rights and finally disposes of a discrete matter-the Debtor's objection to the Schimenti Claim-within the larger bankruptcy case.

Alternatively, Schimenti contends that this Court should grant Schimenti leave to appeal the Bankruptcy Court's interlocutory order because it involves a controlling question of law as to which

2

there is a substantial ground for a difference of opinion, and immediate appeal would materially advance the termination of the litigation.

## II. DISCUSSION

### A. Appeal as a Matter of Right

This Court's jurisdiction to hear appeals from bankruptcy courts of this district is set forth in 28 U.S.C. § 158(a):

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees, and with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. §158(a).

Section 158(c) further specifies that:

> An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.

28 U.S.C. §158(c)(2).

Thus, final orders may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1) and Bankruptcy Rule 8001(a), which specifies the procedures for appealing a decision of the bankruptcy court to the district court. "[T]he concept of finality is applied in a 'more pragmatic and less technical way in bankruptcy cases than in other situations.'" Herrington v. Swyter (In re Swyter), 263 B.R. 742, 746 (E.D. VA. 2001) (quoting Committee of Dalkon Shield Claimants v. A.H. Robins, Co., Inc., 828 F.2d 239, 241 (4th Cir. 1987)). In bankruptcy proceedings, "an order is final and appealable if it (i) finally determines or seriously affects a party's substantive rights, or (ii) will cause irreparable harm to the losing party or waste judicial resources if the appeal is deferred until the conclusion of the bankruptcy case." In re Swyter, 263 B.R. 742, 746 (E.D. Va. 2001).

3

Schimenti argues that the Bankruptcy Court's Opinion and Order finally determine and seriously affect its rights because the Court denied Schimenti administrative priority and fixed its priority as at best general unsecured pursuant to its application of the predominate purpose test applied in the opinion. Schimenti asserts that while administrative priority claims may be paid in full, general unsecured claims "most certainly" will not, if at all.

Schimenti also argues that it will suffer irreparable harm if the appeal is deferred. If the Bankruptcy Court has no further opportunity to rule on the allowance of the Schimenti Claim, it will not be able to appeal that Court's determination as to its priority. Thus, as a practical matter, Schimenti argues that a final determination cannot wait until the end of the bankruptcy case.

Finally, Schimenti argues that the Order finally disposes of a concrete contested matter, initiated by the Omnibus Objection within the larger bankruptcy case. Therefore, it argues that the Court has nothing left to decide with respect to the Schimenti Claim, making the Order reviewable at this time.

Based on the information provided, and without argument or presentation of evidence to the contrary, the Court finds that Schimenti may appeal the Court's Order and Opinion as a matter of right. The Fourth Circuit has exercised its jurisdiction to hear appeals under § 158(d) arising out of the same principle as § 158(a) from a district court's "final" orders on bankruptcy appeals in circumstances where a creditor's claim priority status is denied. In re Howard Delivery Service, Inc., 403 F.3d 228, 231 n. 6 (4th Cir. 2005) (rev'd on other grounds) (finding that "a 'final judgment, order, or decree' ... includes an order that conclusively determines a separable dispute over a creditor's claim or priority" where district court denied creditor's claim priority status under §507(a)(4), effectively rendered creditor's claim valueless.) (citing In re Saco Local Dev. Corp., 711 F.2d 441, 445 (1st Cir. 1983)); In re Urban Broad. Corp., 401 F.3d 236, 247 (4th Cir. 2005) (citing In re Saco, 711 F.2d at 445 for the same proposition).

This district has explicitly recognized the same principle. See In re Swyter, 263 B.R. 742, 746 (E.D. Va. 2001) (citing In re Saco In re Swyter, 711 F.2d at 445).

Although a final calculation of the amount each creditor will receive has not been made, the Court finds that this will not preclude the finality of an order fixing priority of creditors. See In re Morse Electric Co., Inc., 805 F.2d 262, 264 (7th Cir. 1986) (finding the disposition of a creditor's claim final for appeal under 28 U.S.C. § 158(d) "when the claim has been accepted and valued, even though the court has not yet established how much of the claim can be paid given other, unresolved claims.") Additionally, there do not appear to be any other unresolved disputes between Schimenti and the Debtor which would leave other additional claims between them to be decided. See, e.g., In re Ross-Tousey, 549 F.3d 1148, 1153 n.2 (7th Cir. 2008) (distinguishing its finding of finality from another decision where it reached the opposite conclusion because in the latter case, "a considerable number of potential disputes between [the claimant] and [the creditor] remain[ed] unresolved" and would have been "more than a mere ministerial matter.") (citations omitted).

For these reasons, and because the Court's classification of Schimenti's claim has a significant effect on his substantive rights, leaving him without recourse unless the Debtor objects to the classification, the Court finds that the Bankruptcy Court's Order was final, and may be appealed as a matter of right.

### B. Interlocutory Appeal

Having determined that Schimenti may appeal the Bankruptcy Court's final order as a matter of right, the Court does not reach Schimenti's argument for an interlocutory appeal.

### III. CONCLUSION

For the foregoing reasons, the Court finds that an appeal is properly entertained at this time. Schimenti is directed to file its appellate brief on the matter within thirty (30) days of the Court's Order

and the Debtor is directed to file its response within twenty-one (21) days thereafter. No reply brief will be necessary.

Let the Clerk send a copy of this Memorandum Opinion to all parties of record.

An appropriate Order shall issue.

```
                      /s/
James R. Spencer
Chief United States District Judge
```

Entered this 16th day of July 2010